UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

RICHARD CURRY, #1442433          :
                                :
     Petitioner,                :
                                :
v.                              :     Case No.: 2:13cv129
                                :
HAROLD W. CLARKE,               :
Director, Virginia Department   :
of Corrections,                 :
                                :
     Respondent.                :

## REPORT AND RECOMMENDATION

Petitioner Richard Curry ("Petitioner" or "Curry") seeks a writ of habeas corpus alleging constitutional errors underlying his state convictions for malicious discharge of a firearm, attempted robbery, two counts of use of a firearm in the commission of a felony, two counts of conspiracy to commit robbery, and robbery. The respondent moved to dismiss Curry's petition, and the matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), and Rule 72(b) of the Federal Rules of Civil Procedure.

For the reasons set forth in detail below, the undersigned recommends that the Court GRANT Respondent's motion, and DISMISS the petition. Curry's ineffective assistance of counsel claim, though presented to the Circuit Court, was never properly raised to the state's highest court. Accordingly, this claim is

procedurally defaulted, and Curry's lack of counsel during the initial collateral review process does not establish cause to excuse the default. Additionally, Curry's challenge to the sufficiency of the evidence against him, as well as his "false identification" claim, should be dismissed as the state court's merits determination was neither contrary to, nor based on an unreasonable application of federal law or factual finding.

## I.   STATEMENT OF THE CASE

Curry was charged with and convicted of robbing the Golden Wok Chinese restaurant in Norfolk. Following trial, a jury found Curry guilty of malicious discharge of a firearm, attempted robbery, two counts of use of a firearm in the commission of a felony, two counts of conspiracy to commit robbery and robbery. (ECF No. 9 at 1-2, Trial Ct. Sentencing Order). On August 19, 2011 the Norfolk Circuit Court sentenced Petitioner to 88 years' imprisonment, with 70 years suspended. (ECF No. 9 at 1). Curry appealed his conviction to the Virginia Court of Appeals, which denied it. Curry v. Commonwealth, No. 1824-11-1 (Va. Ct. App. Mar. 6, 2012). The Supreme Court of Virginia then refused Curry's petition for appeal. On direct appeal, Curry challenged only the sufficiency of the admitted evidence. (ECF No. 9 at 3-4).

Thereafter, Curry filed a habeas corpus petition in the Circuit Court. He raised several allegations, which the Circuit

2

Court interpreted as follows:

    (a) lack of representation;

    (b) lack of evidence;

    (c) "false identification."

Curry v. Commonwealth, No. CL12006160-00 (City of Norfolk Cir. Ct. Feb. 28, 2013). The Circuit Court found no merit in any of the claims and dismissed the petition on February 28, 2013. Id. While Curry apparently noted an appeal of this decision in the Circuit Court, he never perfected it in the Supreme Court of Virginia.

On March 11, 2013, Curry, proceeding pro se, conditionally filed the instant habeas petition pursuant to 28 U.S.C. § 2254. He filed an amended petition on May 28, 2013, alleging the same grounds for relief as the first petition, but containing additional arguments. In his petition, Curry raises several claims which roughly parallel those presented in his state habeas filings:

    (a) That he was denied effective assistance of counsel when his trial attorney (1) did not allow Curry or any of his family or friends to take the stand in his defense, and (2) "failed to bring forth critical information during the trial like that of a possible alibi for one of the robberies." (ECF No. 9 at 7).

    (b) That the evidence used to convict Curry was

insufficient (ECF No. 9 at 8); and

(c)   A "[f]alse [i]dentification" claim alleging that the evidence was insufficient to warrant a guilty verdict. (ECF No. 9 at 10).

Respondent filed a Rule 5 Answer and Motion to Dismiss, along with brief in support.   As required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7(K), Curry was advised of his right to file opposing affidavits, statements, exhibits, and legal memoranda, as well as the possible consequences of failing to oppose Respondent's filing. Curry failed to respond and the Motion to Dismiss is now ripe for judicial review.

## II.   RECOMMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Habeas petitions filed pursuant to 28 U.S.C. § 2254 challenge a state's custody over a petitioner on the grounds that such custody violates the "Constitution or laws or treaties of the United States."   28 U.S.C. § 2254(a).   Before applying for federal habeas relief, however, a petitioner must first exhaust the remedies available in state court or demonstrate the absence or ineffectiveness of such remedies.   28 U.S.C. § 2254(b)(1).   Therefore, before a state prisoner can apply for federal habeas relief, he must first give the state court an opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing.   Breard v. Pruett,

134 F.3d 615, 619 (4th Cir. 1998).

"To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997); see Picard v. Connor, 404 U.S. 270, 275-76 (1971). Respondent concedes, and the Court agrees, that for purposes of federal review, Curry's claims have been exhausted, either because he previously presented them to the state's highest court, or because he would now be procedurally barred from doing so. (ECF No. 13 at 2).

Once a petitioner's state remedies have been exhausted, a federal court may not grant relief on any claim adjudicated on the merits by the state court, unless that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law" or "resulted in a decision that was based on an unreasonable determination of the facts." 28 U.S.C. §§ 2254(d)(1)-(2). A state court's adjudication is contrary to clearly established federal law if the court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court unreasonably applies clearly established law if it identifies the correct legal

5

principle, but unreasonably applies it to the facts of the case. Id. at 413.   Factual determinations made by a state court, however, are "presumed to be correct," and a habeas petitioner has the burden of rebutting that presumption of correctness by "clear and convincing evidence."  28 U.S.C. § 2254(e)(1); see Hill v. Ozmint, 339 F.3d 187, 194 (4th Cir. 2003).

(a)   **Ineffective Assistance of Counsel Claim**

Curry's first claim asserts that he was denied the right to effective assistance of counsel.  Specifically, Curry argues:

> During the trial, Mr. Fasanaro did not allow appellant the opportunity to take the stand to defend himself, nor did he allow any of appellant's family or friends to take the stand in defense of appellant.  Also, Mr. Fasanaro failed to bring forth critical information during the trial like that of a possible alibi for one of the robberies.  Appellant was deprived of adequate counsel . . . .

(ECF No. 9 at 7).  Respondent contends that this claim must be dismissed because Curry failed to perfect an appeal to the Supreme Court of Virginia from the denial of his habeas petition by the Norfolk Circuit Court.  (ECF No. 13 at 4).  Since Curry has already filed a habeas petition in state court, Respondent urges, this claim is simultaneously exhausted and defaulted for purposes of federal review.  Id.

Curry's previous habeas petition in Circuit Court will bar him from filing any future state habeas petitions on grounds already known to him.  Virginia Code § 8.01-654(B)(2); see also

6

Mackall v. Angelone, 131 F.3d 442, 446 (4th Cir. 1997) (recognizing that "the procedural default rule set forth in § 8.01-654(B)(2) constitutes an adequate and independent state-law ground for [a] decision" refusing subsequent petitions). As a result, his failure to appeal the Circuit Court's denial renders his ineffectiveness claim simultaneously exhausted and procedurally defaulted. Teague v. Lane, 489 U.S. 288, 297-99 (1989); Bassette v. Thompson, 915 F.2d 932, 935-37 (4th Cir. 1990).

Procedural default may only be excused if the petitioner can "demonstrate that cause and prejudice exist to excuse the default or that the failure of the court to consider the claims would amount to a fundamental miscarriage of justice." Mackall, 131 F.3d at 446. Curry has not attempted to show either cause or prejudice.

Until recently, Curry's failure to present the ineffectiveness claim in his pro se petition to the state's highest court would clearly bar federal review. The absence or ineffectiveness of post-conviction counsel would not ordinarily qualify as cause to excuse that default. Maples v. Thomas, 132 S.Ct. 912, 922 (2012); Coleman v. Thompson, 501 U.S. 722, 753-54 (1991). Last year, however, the Supreme Court created a narrow qualification to Coleman, holding that the absence of counsel or the presence of ineffective counsel during initial collateral

7

review proceedings may constitute "cause" to excuse procedural default and permit federal review of an otherwise defaulted ineffectiveness claim. Martinez v. Ryan, 132 S.Ct. 1309, 1318-19 (2012). The exception, though narrow, may apply to Curry's ineffectiveness claim.[1]

Martinez established a test to determine whether a petitioner can establish cause for defaulting on an ineffective assistance claim on the basis of inadequate representation in state habeas proceedings. First, the state imposing the conviction must require the prisoner to raise an ineffective assistance claim in a collateral proceeding rather than on direct review. Martinez, 132 S.Ct. at 1318. Second, the state must have failed to appoint counsel in the initial-review collateral proceeding, or appointed counsel in the collateral proceeding must have been ineffective. Finally the underlying ineffective assistance claim must have "some merit." Id.

Virginia does require ineffectiveness claims to be presented on collateral review. See Lenz v. Commonwealth, 261 Va. 451, 460, 544 S.E.2d 299, 304 (2001) (explaining that ineffective assistance claims must be brought in state habeas corpus proceedings). As a result, Curry's defaulted ineffectiveness claim meets the first part of the test.

---

[1] Curry has not cited Martinez, nor argued that it permits review of the otherwise defaulted claim. But this report will analyze Martinez in view of the deference due Curry's pro se pleadings. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Second, the record is unclear as to whether the state failed to appoint counsel in the collateral proceeding or whether Curry ever requested to be represented by counsel in the first place. It is clear, however, that Curry, proceeding pro se, successfully presented his habeas claims to the Circuit Court and received a ruling. Accordingly, there is no basis to conclude that the absence of counsel caused Curry's subsequent failure to perfect his claims in the Supreme Court of Virginia.

Even assuming that it did, however, Martinez requires that the defaulted ineffectiveness claim be "substantial" or have "some merit." Id. at 1318 (citing Miller-El v. Cockrell, 537 U.S. 322 (2003) (describing standards for certificates of appealability to issue)). Curry's does not.

In reviewing an ineffective assistance of counsel claim, the relevant inquiry is whether "counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." Kimmelman v. Morrison, 477 U.S. 365, 374 (1986). This presumption, however, is not easily overcome, as "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland v. Washington, 466 U.S. 668, 690 (1984).

Specifically, for a petitioner to succeed on his

9

ineffectiveness claims, he must satisfy both the "performance" and the "prejudice" prongs of the two-part test set forth in Strickland, 466 U.S. at 687.  To satisfy the "performance" prong of the test, petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  Id.  To satisfy the "prejudice" prong of the test, petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.

As the state habeas court noted, Curry's ineffectiveness claim, characterized then as "lack of representation," was "wholly conclusory."  Curry v. Commonwealth, No. CL12006160-00 (City of Norfolk Cir. Ct., Feb. 28, 2013).  As such, it failed to meet the standards set forth in Strickland.  Id.  Curry elaborated somewhat on the claim in his petition to this Court, indicating that his trial counsel was ineffective for (1) failing to allow Curry or any of his family or friends to testify on his behalf, and (2) for failing to provide any sort of "possible alibi" at trial.  (ECF No. 9 at 7).  Curry failed, however, to proffer any evidence as to what any of these witnesses on his behalf may have testified to, or what his "possible alibi" was.  Thus, he has failed to plausibly allege facts which would raise his entitlement to relief on his claim

above the speculative level.   See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Absent some proffer of evidence which counsel could have used to pursue a "substantial" habeas claim in state court, Curry's lack of counsel in those proceedings is not sufficient to remove the bar of procedural default using Martinez's equitable remedy.   Accordingly, the undersigned recommends the court dismiss Curry's ineffectiveness claim.

**(b)   Insufficient Evidence Claim**

Curry next alleges that his conviction was based on insufficient evidence.   Petitioner raised this claim on direct appeal and alleged the same in his state habeas petition.[2] Because Curry received a decision on the merits in the Court of Appeals and thereafter appealed to the Supreme Court of Virginia, his sufficiency claim is properly exhausted.   Under the AEDPA, however, review in this court is barred unless the state court's decision was contrary to or based on an unreasonable application of federal law or determination of the facts.   28 U.S.C. §§ 2254(d)(1)-(2).   It was not.

An essential element to the right to due process is that

---

[2] In his direct appeal to the Court of Appeals of Virginia, Curry challenged the sufficiency of the evidence as it related to his convictions of robbery and attempted robbery.   (ECF No. 9 at 4).   In his state petition, Curry alleged that he was "convicted on lack of evidence."   (Pet'r's State Habeas Pet.).   In his federal petition, he characterized this claim as "insufficient evidence," providing no other detail beyond the legal standard to apply when considering a sufficiency challenge.   Accordingly, the undersigned will construe this claim as it was presented to the Court of Appeals on direct review.

"no person shall be made to suffer the onus of a criminal conviction except upon sufficient proof – defined as evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." Jackson v. Virginia, 443 U.S. 307, 316 (1979) (discussing In re Winship, 397 U.S. 358 (1970)). Therefore, a petitioner who alleges that the evidence was insufficient to sustain a conviction has stated a constitutional claim cognizable in a federal habeas corpus proceeding. Id. at 321.

In reviewing a sufficiency of the evidence claim, the relevant inquiry is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 319 (emphasis in original). The reviewing court must consider circumstantial as well as direct evidence, and allow the prosecution the benefit of all reasonable inferences from the facts proven to those sought to be established. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).

In Jackson, the Supreme Court expressly recognized that its holding accorded "full play" to the responsibility of the fact-finder to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences. Jackson, 443 U.S. at 319. In Wright v. West, the Supreme Court expounded upon

Jackson, stating:

> In Jackson, we emphasized repeatedly the deference owed to the trier of fact and, correspondingly, the sharply limited nature of constitutional sufficiency review. We said that "all of the evidence is to be considered in the light most favorable to the prosecution"; that the prosecution need not affirmatively "rule out every hypothesis except that of guilt"; and that a reviewing court "faced with a record of historical facts that supports conflicting inferences must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution."

505 U.S. 277, 296-97 (1992) (internal citations omitted) (emphasis in original).

As relevant to Curry's case, in Virginia any person who commits a "taking, with intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation," is guilty of robbery. Quesinberry v. Commonwealth, 241 Va. 364, 373, 402 S.E.2d 218, 224 (1991) (quoting Hoke v. Commonwealth, 237 Va. 303, 310, 377 S.E.2d 595, 599, cert. denied, 491 U.S. 910 (1989)). While Curry's petition lacks any detail whatsoever, it appears that he contends that the evidence was insufficient to convict him of robbery or attempted robbery. (ECF No. 9 at 8-9). In reviewing this challenge on direct appeal, the Virginia Court of Appeals, as the last reasoned state court opinion on the issue, summarized the facts and arrived at the following holding:

> At about 8:00 p.m. on December 20, 2009, two African-American males entered the Golden Wok restaurant in

13

Norfolk and attempted to commit robbery. Yung Ni, her
husband Jain Chen, and their daughter, Nancy Lin, were
working at the restaurant at the time. The taller
assailant pushed Ni backward and ordered her to open the
cash box. The shorter of the two assailants was holding
a gun. Ni was unable to open the cash box, and the
taller man struck her in the face several times. The
shorter fired the gun, and a bullet struck the wall.
Both of the men fled from the restaurant. At trial, Ni,
Chen, and Lin identified [Curry] as the shorter of the
two assailants.

Ni and Chen contacted the police about the attempted
robbery. Subsequently, they had surveillance cameras
installed at the restaurant.

At about 11:00 p.m. on February 18, 2010, the same two
assailants returned to the Golden Wok. The taller
assailant from the December 2009 incident entered the
restaurant and pointed a gun at Ni, who was behind the
counter. He wore a sheer fabric covering over his face.
Ni shouted "robbery" and tried to call the police. Chen,
who was on a ladder just inside the door to the
restaurant, tried to run out the door to the business
located next door. However, he was confronted by
[Curry], who was the shorter of the two assailants in the
December 2009 event. [Curry's] face was not covered.
[Curry] started hitting Chen with a gun. Chen fell to
the ground. In the meantime, the taller man ordered Ni
to open the cash box, and she complied. The assailant
grabbed the money from the cash box. [Curry] stuck his
head in the door and told the taller assailant to hurry.

\*\*\*

Three witnesses identified [Curry] as the shorter
individual involved in the two incidents. In the
December 2009 event, [Curry] wielded a gun, and fired the
weapon when Ni could not open the cash box. In the
February 2010 event, [Curry] was positioned outside the
store, and he struck Chen with a gun as Chen tried to get
help from a nearby business. In both instances, [Curry]
and the taller assailant fled in the direction of the
location where [Curry] lived, only three blocks away from
the Golden Wok. The identification testimony was
corroborated by the surveillance camera videotape of the
February 2010 crimes. The Commonwealth's evidence was

> competent, was not inherently incredible, and was
> sufficient to prove beyond a reasonable doubt that
> [Curry] was guilty of attempted robbery and robbery.

Curry v. Commonwealth, No. 1824-11-1 at 2-3.

After reviewing the transcript of the trial and the opinion of the Court of Appeals, the undersigned finds no unreasonable determination of fact, nor any unreasonable application of federal law in the Virginia Court of Appeals' analysis. The trial court heard all of the evidence and made its own factual determinations as to credibility and consistency of the testimony. In the excerpt quoted above, the Court of Appeals recounted ample evidence to sustain Curry's robbery and attempted robbery convictions. Curry's argument that the evidence was insufficient to support those convictions was rejected by the court.

Indeed, the portion of the transcript that Curry included in his initial habeas petition to this Court reveals that his counsel rigorously cross-examined one of the victims on the issue of identification. (ECF No. 1-1 at 4-6). Additionally, both counsel explored the victims' recollections of the perpetrators' identities through exhaustive trial testimony, particularly through means of spatial reasoning. Trial Tr. pp. 98-202. Curry therefore presented to the jury and to the Court of Appeals the same evidentiary challenges presented here. Viewing the evidence in the light most favorable to the

Commonwealth, the Court of Appeals' finding that the evidence was adequate to sustain Curry's conviction was not unreasonable, particularly given the "sharply limited nature of constitutional sufficiency review." Wright v. West, 505 U.S. at 296-97. Therefore, the undersigned recommends this claim be dismissed.

(c)  **"False Identification"**

Curry lastly contends that he was a victim of "false identification." This allegation, again wholly conclusory, fails to provide any information as to what Curry's claim relates to. Presumably, he is referencing the same claim he proffered in his state habeas petition, namely that he was falsely convicted because "the victim stated she could not tell who the suspects were." Curry v. Commonwealth, No. CL12006160-00 (City of Norfolk Cir. Ct. Feb. 28, 2013), Pet'r's Habeas Pet. at 3.

This claim is essentially a second challenge to the sufficiency of the evidence and was encompassed in the sufficiency claim addressed by the Court of Appeals opinion and addressed in Part (b) above. Accordingly, the undersigned recommends this claim be dismissed.

### III. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Respondent's Motion to Dismiss be GRANTED and that Curry's petition for a writ of habeas corpus under 28 U.S.C. § 2254 be

DENIED and the claim DISMISSED with prejudice.

### IV.  REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1.  Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendation within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. §636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2.  A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of the right to appeal from a judgment of this Court based on such findings and recommendations.  Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk shall mail a copy of this Order to the petitioner and to counsel of record for the respondent.

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

November 20, 2013.

## Clerk's Mailing Certificate

A copy of the foregoing Report and Recommendation was mailed this date to each of the following:

**Richard Curry**
1442433
Sussex I State Prison
24414 Musselwhite Dr
Waverly, VA 23890

**Donald Eldridge Jeffrey, III**
Office of the Attorney General (Richmond)
900 E Main St
Richmond, VA 23219

Fernando Galindo, Clerk

By _____
        Deputy Clerk

November 20, 2013

19